UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SARAH KINAIA, Individually and As Administrator of the Estate of AUSTIN RUSSELL HALL, <br><br> Plaintiff, <br><br> v. <br><br> KEURIG DR. PEPPER, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. CIV-25-572-R |

## ORDER

Before the Court is Plaintiff's Amended Complaint [Doc. No. 14] which substituted Michael Black, a non-diverse party, for the John Doe defendant previously named. Because the citizenship of the parties named in the Amended Complaint is not completely diverse, the Court directed the parties to show cause [Doc. Nos. 16, 19] as to why this action should not be remanded to state court for lack of subject matter jurisdiction. After considering the parties' briefing [Doc. Nos. 17, 20, 21], the Court concludes that remand is required.

"Under 28 U.S.C. § 1332(a) the citizenship of all defendants must be different from the citizenship of all plaintiffs." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). "[I]f a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court." *Id.*; *see also* 28 U.S.C. §§ 1447(c), 1447(e). Here, the Amended Complaint identifies the plaintiff as Sarah Kinaia as the administrator of the Estate of Austin Russell Hall, who is a "resident" of Oklahoma, and identifies the defendants as including Mr. Black, who is an Oklahoma citizen. Although

Mr. Black has not yet been served, typically the citizenship of all named defendants, whether served with process or not, must be considered in determining whether complete diversity exists. *See Ake v. Cent. United Life Ins. Co.*, No. CIV-17-539-R, 2017 WL 3105875, at *2 (W.D. Okla. July 21, 2017).[1]

Because the parties are not completely diverse, the Court lacks subject matter jurisdiction over this action. Accordingly, this case is remanded to the District Court of Oklahoma County.

IT IS SO ORDERED this 23rd day of October, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] In opposing remand, Defendants rely primarily on the forum defendant rule contained in 28 U.S.C. § 1441(b)(2). But this rule is of no consequence here because the parties are not completely diverse. *See Johnson v. Sanders*, No. CIV-2019-814-R, 2019 WL 4932921, at *1 (W.D. Okla. Oct. 7, 2019).